1382·15    1383·15

ORIGINAL

CAUSE NO's: _____

IN THE COURT OF CRIMINAL APPEALS OF TEXAS
AUSTIN, TEXAS
JORGE CORDERO-VARELA
Petitioner

V.

THE STATE OF TEXAS

On Appeal from the 114th District Court of Smith County, Texas
Appeal Cause No's: 12-15-00213-CR and 12-15-00214-CR
Trial Cause No's: 114-0766-12 and 114-0767-12

# PETITION FOR DISCRETIONARY REVIEW

'Pro Se'

REC'D IN COURT OF APPEALS
12th Court of Appeals District

DEC 28 2015

TYLER TEXAS
PAM ESTES, CLERK

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

FILED IN
COURT OF CRIMINAL APPEALS

DEC 30 2015

Abel Acosta, Clerk

# IDENTITY OF PARTIES AND COUNSEL

## TRIAL COURT JUDGE

Christi Kennedy (114TH District Court)
Courthouse
100 N. Broadway Ave., RM 212
Tyler, Texas 75702

## ATTORNEY FOR PETITIONER (On Appeal)

Appellate Counsel (direct Appeal)
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, Texas 75702

Petitioner Is Filing Pro Se

## ATTORNEY FOR STATE ON APPEAL

Michael J. West
Asst. District Atty., Smith County
4th Floor, Courthouse
100 N. Broadway
Tyler, Texas 75702

i

# TABLE OF CONTENTS

IDENTITIES OF PARTIES AND COUNSEL ......i

TABLE OF CONTENTS ......ii

INDEX OF AUTHORITIES ......iii

STATEMENT REGARDING ORAL ARGUMENT ......I

STATEMENT OF CASE ......I

STATEMENT OF FACTS ......I & II

SUMMARY OF ARGUMENT ......II

ARGUMENT ......III & IV

CONCLUSION AND PRAYER ......IV

CERTIFICATE OF SERVICE ......V

# INDEX OF AUTHORITIES

Brady v. Maryland: 373 U.S. 83 S.Ct. 1194, 10 L. Ed 215 (1963) ..... III

Guidry v. State: 177 S.W. 3d 90, 93 (Tex App. – Houston (1st Dist.) 2005, no pet.) ..... III

Young v. St.: 8 S.W. 3d 656, 666-67 (Tex. Crim. App. 2000) ..... III

Transportation Code 724.018 ..... III

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner waives oral argument at this time.

## STATEMENT OF THE CASE

Jorge Cordero-Varela (Petitioner) seeks to obtain discretionary review from appeal of his motion for Discovery. Mr. Cordero-Varela was convicted and sentenced in two cases from the same incident. After pleading 'guilty he was convicted of the offense of Intoxication Manslaughter. In the second, the same plea resulted in a conviction for Intoxication Assault. In each case Mr. Cordero-Varela entered his plea without a plea bargain before the 114th District Court of Smith County, Texas. Consecutive sentences were imposed at twenty and ten years' confinement respectively and were pronounced on August 30, 2012. Petitioner filed a Motion for Discovery in July, 2015 to obtain BAC Results. Motion was dismissed July 24, 2015. Notice of Appeal was filed Sept. 25th, 2015. On Sept. 30, 2015 motion for Appeal was dismissed for want of jurisdiction in the Twelfth Court of Appeals of Texas.

## STATEMENT OF FACTS

In April, 2012, Mr. Cordero-Varela was involved in an alleged alcohol related accident. The accident resulted in the death of one person and injuries to another. An investigation into the incident revealed that Mr. Cordero-Varela

I

had allegedly operated a vehicle while also having an alcohol content of .4. As a result of his alleged conduct, he was indicted for the offenses of Intoxication Manslaughter and Intoxication Assault. To these offenses Mr. Cordero-Varela entered a plea of guilty. After accepting the plea and holding a hearing on punishment, the 114th District Court, Smith County, Texas imposed punishment at consecutive sentences of twenty and ten years confinement. Sentence was pronounced on August 30, 2012. Appeal was filed by counsel (Austin Reeve Jackson) arguing only the court costs imposed. As Mr. Cordero-Varela is researching his case for possible post-conviction relief, he filed a motion for Discovery to obtain a copy of the BAC toxicology results in July, 2015. This Motion was dismissed on July 24, 2015 citing lack of jurisdiction to entertain said motion. Notice of Appeal was then filed on Sept. 25, 2015 in the Twelfth Court of Appeals. On Sept. 30, 2015, it was dismissed for want of jurisdiction.

## SUMMARY OF ARGUMENT

In each case the written judgement reflects that Mr. Cordero's blood alcohol content was well over the legal limit at the time of the accident causing death to one person and injury to another. The indictment states that was at least .08 giving no actual number. Petitioner asks that his motion for Discovery be honored and the state provide these documents as requested.

II

# ARGUMENT

Mr. Cordero-Varela (Petitioner) entered a plea of "guilty" to the charges brought against him. (IRR. 23-25) A valid guilty plea does waive a defendants right to appeal a claim of error when the judgement of guilt was rendered independantly of and is not supported by the alleged error. See Young v. St., 8 S.W.3d 656,666-67 (Tex. Crim. App. 2000). Thus for a defendant to be successful in post-conviction relief he must be able to demonstrate a Nexus between the alleged error and judgement of guilt. Guidry v. State 177 S.W.3d 90, 93 (Tex. App. — Houston [1st Dist.] 2005, no pet.) In his researching for possible post-conviction relief he filed a 'Motion for Discovery' seeking BAC results and chain of custody which could possibly show this Nexus as required. According to Transportation code 724.018, on the request of a person who has given a specimen at the request of a peace officer, full information concerning the analysis of the specimen shall be made available to the person or the person's attorney. Under the Brady rule, which is triggered when evidence withheld by a prosecutor is "material" if there is reasonable probability that had the evidence been disclosed to the defense (defendant) the outcome of the proceeding would have been different. Brady v. Maryland 373 U.S. 83 S.Ct. 1194, 10 L.Ed. 215 (1963). The Petitioner's fourteenth Amendment (due process) right was violated when prosecutor failed to provide the BAC results as requested and the trial court denied his Motion for Discovery citing that was past 90 days after judgement when petitioner did indeed send letter to the court (pre-trial) making same request for BAC results

III

(criminal Docket dated 8/9/2012). Petitioner made requests by letter to the court as well as his trial attorney, yet never received a response. The Court of Appeals erred in dismissing petitioner's appeal for want of jurisdiction.

It is respectfully prayed that the court remand the case for findings of fact to the Trial Court with instructions to determine whether the BAC results were presented to the court and that the Court provide Petitioner with copy as requested.

## CONCLUSION AND PRAYER

Wherefore, PREMISES CONSIDERED, Petitioner prays, because he made initial request for a copy of his BAC results pre-trial, that the court remand the case for findings of fact to the Trial Court to determine if BAC results are in the possession of the state, and if so, the Court be instructed to honor petitioner's motion for Discovery and provide him with a copy of BAC results.

Respectfully submitted,

Jorge Cordero Varela

Jorge Cordero-Varela 'Pro se'
TDCJ #1812141
O.L. Luther Unit
1800 Luther Dr.
Navasota, Texas 77868

IV

## CERTIFICATE OF SERVICE

I certify that a true and correct original and four copies was delivered to Cathy Lusk, Clerk of the Twelfth Court of Appeals by First Class mail on 12-21-2015

Sincerely,
Jorge Cordero Varela
Jorge Cordero-Varela #1812141

V

APPENDIX

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JORGE CORDERO-VARELA,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## MEMORANDUM OPINION
### PER CURIAM

Appellant, Jorge Cordero-Varela, attempts to appeal from an order "dismissing" his motion for discovery.

As a general rule, an appeal in a criminal case may be taken only from a judgment of conviction. *See Workman v. State*, 343 S.W.2d 446, 447 (Tex. Crim. App. 1961). However, there are certain narrow exceptions. *See Demar v. State*, No. 14-08-00982-CR, 2008 WL 4809479, at *1 (Tex. App.–Houston [14th Dist.] Nov. 6, 2008, no pet.) (per curiam) (mem. op., not designated for publication) (listing exceptions). The order Appellant complains of is not a judgment of conviction nor does it fall within any exception to the general rule. Therefore, we have no jurisdiction over the appeals.

On September 2, 2015, we sent Appellant a letter informing him that the order being appealed is not an appealable order. We further notified Appellant that the appeals would be dismissed unless, on or before October 2, 2015, the information in the appeals was amended to show the jurisdiction of this court. In response, Appellant filed an amended notice of appeal stating that he seeks to appeal "the trial court's judgment of said conviction." However, Appellant did not provide further information about the judgment of conviction. And we cannot

conclude from the information provided in these appeals that a final judgment of conviction has recently been rendered against Appellant.

Because Appellant has not shown the jurisdiction of this court, the appeals are *dismissed for want of jurisdiction.* *See* TEX. R. APP. P. 37.1, 42.3.

Opinion delivered September 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

## SEPTEMBER 30, 2015

## NO. 12-15-00213-CR

**JORGE CORDERO-VARELA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-0766-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2015**

**NO. 12-15-00214-CR**

**JORGE CORDERO-VARELA,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 114th District Court

of Smith County, Texas (Tr.Ct.No. 114-0767-12)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*